PEOPLE v GARCIA (AFTER REMAND)

Docket No. 129181. Submitted November 9, 1993, at Lansing. Decided
  February 7, 1994, at 9:25 A.M. Leave to appeal sought.

  Frank Garcia was convicted by a jury in the Shiawassee Circuit
  Court, Gerald D. Lostracco, J., of second-degree murder and
  possession of a firearm during the commission of a felony and
  was sentenced. The convictions were based on the killing of an
  individual while the defendant and a codefendant were stealing
  his car. The jury had been instructed with regard to two
  counts: felony murder, including the lesser included offenses of
  second-degree murder and armed robbery; and felony-firearm.
  The defendant appealed, and the Court of Appeals, WEAVER,
  P.J., SHEPHERD and F. D. BROUILLETTE, JJ., reversed the defen-
  dant's convictions and remanded the case to the trial court for
  a new trial because the jury instructions and verdict form did
  not contain a general verdict of not guilty. Unpublished opinion
  of the Court of Appeals, decided October 19, 1988 (Docket Nos.
  94233, 94822). On remand, the defendant was charged with
  three counts: second-degree murder, armed robbery, and felony-
  firearm. The court granted the defendant's motion to quash the
  armed robbery count on the basis of double jeopardy. The
  prosecutor's application for an interlocutory appeal was
  granted, and the Court of Appeals, WEAVER, P.J., and SHEP-
  HERD and GRIFFIN, JJ., in an order dated May 15, 1989 (Docket
  No. 117306), reversed the order quashing the armed robbery
  count, stating that the prior opinion of the Court of Appeals in
  this matter did not preclude a new trial on the added count of
  armed robbery. On remand, following a second jury trial on the
  charges of second-degree murder, armed robbery, and felony-
  firearm, the jury returned verdicts of not guilty of second-
  degree murder and felony-firearm, and guilty of armed robbery,

REFERENCES

Am Jur 2d, Criminal Law §§ 269, 276; Homicide §§ 184, 185, 190.
Conviction of lesser offense as bar to prosecution for greater on new
  trial. 61 ALR2d 1141.
Supreme Court's views as to application, in state criminal prosecu-
  tions, of double jeopardy clause of Federal Constitution's Fifth
  Amendment. 95 L Ed 2d 924.

and the defendant was again sentenced. The defendant appealed.

After remand, the Court of Appeals *held:*

The first jury's acquittal with regard to the felony-murder charge, by implication, served to acquit the defendant of armed robbery, the underlying offense. Because the defendant was acquitted of armed robbery in the first trial, his retrial with regard to that charge violated the principles of double jeopardy. The doctrine of the law of the case does not preclude the result reached by this panel of the Court of Appeals because the panel that issued the May 15, 1989, order did not address the central issue decided in this appeal. The defendant's conviction must be vacated and the matter remanded to the trial court for entry of an order discharging the defendant from custody.

Vacated and remanded.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

A conviction of a lesser charge serves as an acquittal of higher charges; a conviction of a higher charge serves as an acquittal of a lesser indicated charge if the conviction of the higher charge cannot be had without a conviction of the lesser charge.

2. HOMICIDE — DOUBLE JEOPARDY — FELONY MURDER — ARMED ROBBERY — SECOND-DEGREE MURDER.

In a prosecution for felony murder for a killing committed during an armed robbery, a conviction of second-degree murder, which is subsequently overturned on appeal, bars the retrial of the defendant on the charge of armed robbery because the first conviction implied an acquittal of the charged lesser offense of armed robbery as well as the higher offense of felony murder.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Ward L. Clarkson,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Lawyers' Offices Dunchock, Linden & Reina, P.C.* (by *Arnold D. Dunchock*), for the defendant.

AFTER REMAND

Before: MICHAEL J. KELLY, P.J., and HOOD and
T. R. THOMAS,* JJ.

MICHAEL J. KELLY, P.J. This case has a long
history. In 1985, while stealing a car, defendant,
Frank Garcia, and his codefendant, Ronald Ham-
mond, killed the owner. An information was filed
charging defendant with one count of felony mur-
der, MCL 750.316; MSA 28.548, an alternative
count of open murder, and one count of possession
of a firearm during the commission of a felony,
MCL 750.227b; MSA 28.424(2). A jury trial was
held. The alternative count of open murder was
dismissed by the trial court and the jury was
instructed with regard to two counts: the first,
felony murder, including the lesser included offen-
ses of second-degree murder, MCL 750.317; MSA
28.549, pursuant to *People v Jenkins,* 395 Mich
440; 236 NW2d 503 (1975), and armed robbery,
MCL 750.529; MSA 28.797, and a second count of
felony-firearm. The jury returned verdicts of guilty
of second-degree murder and felony-firearm, and
defendant was sentenced to life imprisonment.
Subsequently, this Court reversed defendant's con-
victions because the jury instructions and verdict
form did not contain a general verdict of "not
guilty." *People v Garcia,* unpublished opinion per
curiam of the Court of Appeals, decided October
19, 1988 (Docket Nos. 94233 and 94822).

On remand, an information was filed charging
defendant with three counts: (1) second-degree
murder, (2) armed robbery, and (3) felony-firearm.
Defendant moved to quash the armed robbery
count, arguing that he was placed in jeopardy of

* Circuit judge, sitting on the Court of Appeals by assignment.

an armed robbery conviction by being tried for felony murder and his implied acquittal of felony murder served to bar retrial on the armed robbery charge. The trial court granted defendant's motion to quash, but an interlocutory appeal by the prosecutor was granted. In an order dated May 15, 1989 (Docket No. 117306), a panel of this Court reversed the order quashing the armed robbery count, stating that its prior opinion in this matter did "not preclude a new trial on the added count of armed robbery." We think that panel clearly erred.

Following a second jury trial on the charges of second-degree murder, armed robbery, and felony-firearm, the jury returned verdicts of not guilty of second-degree murder and felony-firearm, and guilty of armed robbery. Defendant was again sentenced to life imprisonment. He appeals as of right. We vacate the conviction.

I

This case poses a question never before addressed in Michigan: In a prosecution for felony murder of a killing committed during an armed robbery, does a conviction of second-degree murder, which is subsequently overturned on appeal, bar retrial on the charge of armed robbery because the first conviction implied an acquittal of any charged lesser offenses (armed robbery) as well as higher offenses (felony murder)?

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This guarantee applies to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v Maryland,* 395 US 784; 89 S Ct 2056; 23 L Ed 2d 707 (1969). The Double Jeopardy Clause protects against a second

prosecution for the same offense after acquittal. *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). Thus, the question: Was defendant acquitted of armed robbery in his first trial?

There is no doubt that a conviction of a lesser charge is an acquittal of higher charges. *Green v United States,* 355 US 184; 78 S Ct 221; 2 L Ed 2d 199 (1957); *People v Knapp,* 26 Mich 112 (1872). For example, a conviction of second-degree murder operates as an acquittal of a first-degree murder charge. *People v Deneweth,* 14 Mich App 604, 618; 165 NW2d 910 (1968).

Conviction of a higher charge serves as an acquittal of a lesser indicated charge if the conviction of the higher charge cannot be had without a conviction of the lesser charge. *Payne v Virginia,* 468 US 1062; 104 S Ct 3573; 82 L Ed 2d 801 (1984); *Harris v Oklahoma,* 433 US 682; 97 S Ct 2912; 53 L Ed 2d 1054 (1977).

This case turns on the relationship between felony murder, the highest charged offense in the first trial, second-degree murder, the highest convicted offense in the first trial, and armed robbery, a charged offense in both trials and the highest convicted offense in the second. The felony-murder statute, MCL 750.316; MSA 28.548, provides:

> Murder which is perpetrated by means of poison, lying in wait, or other wilful, deliberate, and premeditated killing, or which is committed in the perpetration, or attempt to perpetrate . . . robbery. . . is murder of the first degree, and shall be punished by imprisonment for life.

Second-degree murder, MCL 750.317; MSA 28.549, is defined as follows:

> All other kinds of murder shall be murder of the

second degree, and shall be punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same.

The armed robbery statute, MCL 750.529; MSA 28.797, provides:

Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.

In the original prosecution for felony murder, armed robbery was the underlying felony. It is clear that proof of that felony murder assumes proof of each element of armed robbery. Had the defendant been convicted of felony murder, which was later reversed, then, a second trial for armed robbery would not have been precluded under *Payne.* The relationship between armed robbery and second-degree murder is altogether different, however. Proof of second-degree murder does not require proof of an underlying offense. Under the rule of *Payne,* conviction of second-degree murder does not ipso facto operate to bar a second prosecution for armed robbery. But another step is necessary in the analysis. In this case, the only difference between second-degree murder and felony murder is the concurrent commission of armed robbery to elevate second-degree to first-degree. See *People v Aaron,* 409 Mich 672, 719, 730; 299 NW2d 304 (1980). The first jury found a murder had been committed, but it did not find an armed

robbery had been committed sufficient to elevate its verdict to first-degree murder. Simply put, the jury did not find an armed robbery or its verdict would have been guilty of felony murder. *Aaron, supra* at 725. Thus, the jury's acquittal with regard to the felony-murder charge, by implication, served to acquit the defendant of armed robbery. By subtracting the elements of the convicted offense of second-degree murder from the acquitted offense of felony murder, that the jury also found insufficient proof of armed robbery is ineluctable . Thus, the defendant stood acquitted of armed robbery after the first trial. His retrial on that charge violated the principles of double jeopardy under *Payne.*

II

We reject the prosecutor's argument based on the doctrine of the law of the case. The narrow language of this Court's May 15, 1989, interlocutory order, coupled with the strict terms of the opinion, states that the October 19, 1988, opinion for reversal did not preclude retrial for armed robbery. That panel did not address, however, the central question in this appeal, which involved the relationship between armed robbery and felony murder. Perhaps it should have, but it did not. Therefore, the doctrine of the law of the case does not preclude the result reached herein.

The defendant was acquitted impliedly of first-degree felony murder and armed robbery in the first trial. He was acquitted of second-degree murder and felony-firearm in the second. In sequence, he has been acquitted of every crime he has been charged with. As a result, there is no charge remaining for a third trial. The conviction is va-

cated and the matter remanded to the circuit court to order the defendant discharged from custody.

Vacated and remanded.