PEOPLE v HEAD

Docket No. 147052. Submitted October 18, 1994, at Lansing. Decided
    May 23, 1995, at 9:15 A.M. Leave to appeal sought.

Schuley D. Head was convicted in the Oakland Circuit Court of
    possession with intent to deliver between 225 grams and 650
    grams of cocaine and of possession of marijuana. The Court of
    Appeals, WEAVER, P.J., and MacKENZIE and GRIBBS, JJ., in an
    unpublished opinion per curiam, decided May 10, 1991 (Docket
    No. 123039), reversed and remanded, holding that a confession
    obtained in violation of *Miranda v Arizona,* 384 US 436; 86 S
    Ct 1602; 16 L Ed 2d 694 (1966), had been admitted at trial. On
    remand, the trial court, Gene Schnelz, J., entered judgment on
    jury verdicts of guilty of possession with intent to deliver
    between 225 grams and 650 grams of cocaine and of possession
    with intent to deliver marijuana. The defendant also pleaded
    guilty of being a third-offense habitual offender. The defendant
    appealed.

The Court of Appeals *held:*

1. The trial court did not clearly err in denying the defen-
    dant's motion to suppress evidence obtained in a search of the
    defendant's house. The warrant that authorized the search of
    the house was supported by an affidavit that provided a sub-
    stantial basis for the issuing magistrate's conclusion that there
    was a fair probability of finding narcotics in the house. The
    affiant, an experienced police officer, averred that controlled
    purchases of narcotics had been made by a police informant at
    the house and that the informant was reliable.

2. Sufficient evidence of defendant's possession of the con-
    trolled substances was established with proof that he had
    constructive possession of them.

3. The trial court did not err in rejecting the defendant's
    request for a jury instruction concerning the fact that control
    of his house was not held solely by him. The trial court
    instructed the jury about mere presence, CJI2d 8.5, and that

REFERENCES
Am Jur 2d, Criminal Law §§ 309-314.
See ALR Index under Double Jeopardy.

instruction adequately covered whether the defendant could be convicted of possession on the basis of drugs found in his house.

4. The trial court did not err in instructing the jury about aiding and abetting inasmuch as it had been the defendant's theory that the controlled substances belonged to his girl friend or someone else and the prosecution, in response, propounded the theory that the defendant assisted the owner of the controlled substances by providing a place to store them.

5. The constitutional protection against double jeopardy bars the defendant's conviction of possession with intent to deliver marijuana because his conviction of possession of marijuana in the first trial effectively acquitted him of possession with intent to deliver marijuana. On remand, the trial court must conduct a hearing to determine whether the defendant was prejudiced at the second trial by being tried for an offense for which prosecution was not barred by double jeopardy, i.e., possession with intent to deliver cocaine, along with an offense for which prosecution was barred by double jeopardy, i.e., possession with intent to deliver marijuana. The defendant can show prejudice by demonstrating a reasonable probability that, but for the charge of possession with intent to deliver marijuana, he would not have been convicted of possession with intent to deliver cocaine. If the trial court determines that the defendant was prejudiced, a new trial on possession with intent to deliver cocaine and possession of marijuana, as well as further proceedings regarding the habitual offender charge, would be required. If no prejudice is found, the convictions of possession with intent to deliver cocaine and habitual offender would remain undisturbed and a conviction of possession of marijuana would be entered in place of the conviction of possession with intent to deliver marijuana.

Remanded.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

The constitutional protection against double jeopardy bars a prosecution of a higher charge at a new trial granted after reversal on appeal of a conviction of a lesser included charge; if, at retrial, the defendant is convicted of an offense for which prosecution is barred by double jeopardy along with an offense for which prosecution is not barred by double jeopardy, the conviction that is barred by double jeopardy will be vacated on appeal and the case will be remanded to the trial court for a hearing to determine whether the defendant was prejudiced, i.e., whether, but for the charge barred by double jeopardy, the defendant would not have been convicted of the charge not

barred by double jeopardy; if prejudice is shown, the defendant would be entitled to a new trial on the charge not barred by double jeopardy and the original lesser charge; if no prejudice is shown, the conviction on the charge not barred by double jeopardy will not be disturbed and a conviction on the original lesser charge will be entered in place of the conviction barred by double jeopardy.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Kathryn G. Barnes,* Assistant Prosecuting Attorney, for the people.

*Arthur James Rubiner,* for the defendant on appeal.

Before: NEFF, P.J., and MARILYN KELLY and P. R. JOSLYN,* JJ.

PER CURIAM. Defendant appeals as of right from his jury convictions of possession with intent to deliver between 225 and 650 grams of cocaine and possession with intent to deliver marijuana. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), MCL 333.7401(2) (c); MSA 14.15(7401)(2)(c). He pled guilty to being a third habitual felony offender. MCL 769.11; MSA 28.1083. The judge sentenced him to ten to sixty years' imprisonment.

On appeal, defendant contends that the trial judge erred in permitting the introduction of evidence obtained under a defective warrant. He raises a sufficiency of the evidence claim. He challenges the adequacy of the jury instructions.

We find that defendant's conviction for possession with intent to deliver marijuana violated defendant's right not to be subjected to double jeopardy and remand for further proceedings consistent with this opinion.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

This case has a long procedural history. In 1989, defendant was convicted for possession with intent to deliver between 225 and 650 grams of cocaine and for possession of marijuana. Our Court reversed the convictions and remanded for a new trial, because a confession made in violation of defendant's *Miranda*[1] rights had been improperly admitted at trial. *People v Head,* unpublished opinion per curiam of the Court of Appeals, decided May 10, 1991 (Docket No. 123039).

Before defendant's first trial, he sought to suppress the evidence obtained pursuant to a search warrant which he claimed was defective. The trial judge denied his motion. In his first appeal, our Court refused to consider the issue of a defective warrant, because defendant failed to furnish the court with a copy of it or the underlying affidavit. Defendant renewed his motion to suppress the evidence before his second trial. The judge again denied the motion, relying primarily on the ruling of the judge in the first trial.

II

On appeal, defendant reasserts that the search warrant was defective and that evidence seized during its execution was inadmissible at trial. We disagree.

A search warrant should be upheld if a substantial basis exists to conclude that there is a fair probability that the items sought will be found in the stated place. *People v Russo,* 439 Mich 584, 604; 487 NW2d 698 (1992). The reviewing court should ask whether a reasonably cautious person

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

could have concluded that there was a substantial basis for the finding of probable cause. *Id.,* pp 603-604. We read the underlying affidavit in a common sense and realistic manner. *Id.* Finally, we review the trial court's findings of fact in deciding a motion to suppress evidence for clear error. *People v Stumpf,* 196 Mich App 218, 220, n 1; 492 NW2d 795 (1992).

Here, the affiant, an experienced police officer assigned to the Narcotics Enforcement Team, alleged that a house had been under investigation as a drug sales location for approximately three months. He swore that an unnamed cooperating person made two controlled buys at the house within the two weeks before issuance of the warrant. The second purchase had been within the previous forty-eight hours. The substance purchased was cocaine. Finally, in vouching for the reliability of the informant, the affiant asserted that the informant had made statements regarding drug involvement which were against the party's penal interests.

The controlled purchases of cocaine were sufficient to establish probable cause to permit the magistrate to issue the warrant. See *People v Wares,* 129 Mich App 136, 141-142; 341 NW2d 256 (1983); *People v Williams,* 139 Mich App 104, 107-108; 360 NW2d 585 (1984). Furthermore, the reliability of the informant's statements was shown by the success of the two controlled buys. *Wares,* p 141. The information in the affidavit was not stale. *Russo,* pp 605-606. Consequently, the judge did not err at trial in admitting evidence obtained pursuant to the warrant.

III

Defendant also asserts that the evidence was

insufficient to support his conviction, because it did not establish that the drugs found in the bedroom were in his possession.

We review sufficiency of the evidence claims by considering the evidence in the light most favorable to the prosecution. We determine whether a rational trier of fact could have found that the essential elements of the charged crime were proven beyond a reasonable doubt. *People v Daniels,* 192 Mich App 658, 665; 482 NW2d 176 (1991).

A person may be convicted of possession of a controlled substance if he has either actual or constructive possession of it. *People v Wolfe,* 440 Mich 508, 519; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Here, the evidence established that defendant had constructive possession of the drugs. Defendant admitted that he lived at the house. When the police entered, defendant was lying on a bed in the same bedroom where the drugs lay in plain view. The bedroom also contained men's clothing. Defendant's wallet was near the drugs.

Viewed in the light most favorable to the prosecution, the evidence was sufficient to establish that defendant had at least constructive possession of them. Furthermore, based on the evidence discussed above, defendant cannot sustain his assertion that his conviction is against the great weight of the evidence.

IV

Defendant also challenges the trial court's refusal to instruct the jury on joint control of the house. We review jury instructions as a whole to determine whether manifest injustice occurred. *People v Caulley,* 197 Mich App 177, 184; 494 NW2d 853 (1992). Even if the instructions are

somewhat imperfect, there is no error if they fairly present to the jury the issues to be tried and sufficiently protect the rights of the defendant. *Id.*

Defendant requested the instruction on mere presence. CJI2d 8.5. The instruction was consistent with his defense that the drugs belonged to another, and he was merely in the same room with them when the police entered. He also requested an instruction that joint control of a house was insufficient to convict for possession of an illicit drug without further evidence connecting the defendant to the drug.

The judge ruled that the instructions were redundant. We agree. The instruction on mere presence adequately covered the issue of whether defendant could be convicted of possession merely because he had joint control of a house where drugs were found. The instructions given adequately presented the issues and protected defendant's rights. *Id.*

v

Defendant also asserts that the instruction on aiding and abetting was improper. An aiding and abetting instruction is proper where there is evidence that (1) more than one person was involved in the commission of a crime, and (2) the defendant's role in the crime may have been less than direct participation in the wrongdoing. *People v DeLeon,* 110 Mich App 320, 325; 313 NW2d 110 (1981), rev'd on other grounds 414 Mich 851 (1982).

Defendant's theory of the case was that the drugs belonged to his girlfriend or another party. The prosecutor requested an instruction on the theory that, even if the drugs and paraphernalia belonged to someone else, defendant assisted that person by providing a storage place for them. We

find no error in the judge's decision to instruct the jury on this issue. The evidence presented at trial required the judge to give the aiding and abetting instruction.

### VI

Defendant does not raise a double jeopardy claim. However, we consider the issue sua sponte. At his first trial, defendant was convicted of possession with intent to deliver cocaine and possession of marijuana. At his second trial, he was charged with and convicted of possession with intent to deliver cocaine and possession with intent to deliver marijuana. It is settled that conviction of a lesser charge is an acquittal of higher charges. *People v Garcia (After Remand),* 203 Mich App 420, 424; 513 NW2d 425 (1994), aff'd 448 Mich 442; 531 NW2d 683 (1995), citing *Green v United States,* 355 US 184; 78 S Ct 221; 2 L Ed 2d 199 (1957). Consequently, at retrial, prosecution of the charge of possession with intent to deliver marijuana was barred by double jeopardy. *Garcia,* p 423.

In reaching this conclusion, we must consider the appropriate relief to which defendant is entitled. The United States Supreme Court considered the appellate remedy to a similar double jeopardy claim in *Morris v Matthews,* 475 US 237, 247; 106 S Ct 1032; 89 L Ed 2d 187 (1986). There the Court stated:

> The question presented in this case is whether a state appellate court provided an adequate remedy for a violation of the Double Jeopardy Clause of the Fifth Amendment by modifying a jeopardy-barred conviction to that of a lesser included offense that is not jeopardy-barred. [*Id.,* p 238.]

The Court went on to note that

> where it is clear that the jury necessarily found that the defendant's conduct satisfies the elements of the lesser included offense, it would be incongruous always to order yet another trial as a means of curing a violation of the Double Jeopardy Clause. [*Id.*, p 247.]

Thus, we vacate defendant's conviction for possession with intent to deliver marijuana and remand. A new trial is required if defendant can show that he was prejudiced by trial on the jeopardy-barred offense in conjunction with the nonjeopardy-barred offense. To show prejudice, he must demonstrate a reasonable probability that, but for the jecpardy-barred offense, he would not have been convicted of the nonjeopardy-barred offense. We adopt the definition of reasonable probability set forth in *Morris*: a probability sufficient to undermine confidence in the outcome. *Id.*, p 247.

The trial judge shall make findings of fact. If he finds that defendant was prejudiced, a new trial on the possession with intent to deliver cocaine and the possession of marijuana charges is required. In that case, further proceedings on the habitual offender charge and resentencing may also be necessary, although we note that defendant's two prior felony convictions occurred in 1957 and 1981. If he finds no prejudice, the cocaine possession and the third habitual offender convictions may remain undisturbed, and a conviction of possession of marijuana shall be entered. Resentencing may be required.

Remanded. We do not retain jurisdiction.