# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RYAN CHARLES DIEMOND,

        Defendant-Appellant.

UNPUBLISHED
May 19, 2015

No. 320034
Kalamazoo Circuit Court
LC No. 2013-000101-FH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Ryan Charles Diemond, appeals as of right his jury trial conviction for operating or maintaining a methamphetamine lab, MCL 333.7401c(1)(a). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of a fire resulting from methamphetamine production occurring on January 3, 2013, at an apartment leased in defendant's name located in Portage, Michigan. John Richard Shank testified that shortly before January 3, 2013, defendant called him several times asking him to make methamphetamine. In December 2012, John went to defendant's apartment, used drugs there, and once manufactured methamphetamine there. John's teenage sons testified that on January 3, 2013, John and his roommate Eric Harris picked them up in Harris's truck in Three Rivers, Michigan, then picked up defendant at a fast food restaurant and they drove to defendant's apartment. On the way, defendant pulled out a bag of what he said was methamphetamine and he and John discussed their plans to make methamphetamine.

According to John's sons[1], after arriving at defendant's apartment, Harris and John left to get supplies to make methamphetamine, leaving John's sons at the house with defendant, defendant's wife, and his two children. Defendant and his wife smoked methamphetamine while John and Harris were out. After the two returned, they undertook to make methamphetamine in the bedroom of defendant's apartment. One of John's son's was in the bedroom during the set

---

[1] John testified that did not remember much about the day of the fire because he had been up for several days and was drinking and detoxing.

-1-

up process and estimated that defendant was in the bedroom for approximately half the time; defendant kept walking back and forth telling Harris and John to make sure nothing went wrong. John was trying to open a can of butane with a pair of pliers, and a burning candle was on a table one to two feet away from him. The butane sprayed all over the room and ignited, causing a fire.

Jeffrey Lehmann, a police officer for the City of Portage, testified that he investigated defendant's apartment after the fire and found evidence of methamphetamine being made there. Steven Nuyen, a Portage firefighter, testified that the cause of the fire was a methamphetamine lab explosion. Ron Clark, a police officer for the City of Portage, testified that he was the second officer on the scene of the fire and that defendant approached him and indicated he had burns on his face from the fire. Clark directed defendant to an ambulance. After approximately 45 minutes to an hour, defendant returned to Clark and described his version of the events, including that while he knew John was at his house, he was unaware that John was making methamphetamine. Clark testified that while speaking with defendant on both occasions, he smelled an odor on defendant that is consistent with the manufacture of methamphetamine. Michael Kline, a road patrol officer and member of the meth response team as well as an evidence technician for the Portage Department of Public Safety, testified that he assisted Lehmann at the scene after the fire and found evidence consistent with the production of methamphetamine. He also investigated defendant's history of pseudoephedrine purchases and ascertained that defendant had purchased pseudoephedrine five times between October 26, 2012 and December 20, 2012.

Defense counsel argued to the jury that rather than defendant asking John to make methamphetamine in his apartment, John forced his way into the apartment, and that defendant was unaware John was making methamphetamine there. Harris testified that John acted aggressively and was intimidating toward defendant on January 3, 2013. In closing argument, defense counsel contended that defendant was "bullied" into letting Harris and John into his apartment on the day of the fire.

The jury found defendant guilty of the charge of operating or maintaining a methamphetamine lab.[2]

## II. OTHER-ACTS EVIDENCE

Defendant argues that he is entitled to a new trial because the trial court abused its discretion in admitting other-acts evidence regarding his prior requests to make methamphetamine, his prior involvement with John in making methamphetamine at his house, and his prior use of drugs with John at his house.

---

[2] The jury acquitted defendant of a charge of maintaining a drug house, MCL 333.7405(1)(d).

"While a trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion, a preliminary or underlying issue of law regarding the admissibility of the evidence, such as whether a rule of evidence bars admission, is reviewed de novo." *People v McDade*, 301 Mich App 343, 352; 836 NW2d 266 (2013). Evidence of crimes, wrongs, or acts "is inadmissible to prove a propensity to commit such acts." *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998), citing MRE 404(b). However, such evidence may be admissible for other purposes under MRE 404(b)(1). *Id.* To determine admissibility under MRE 404(b), this Court uses the following standard. First, the evidence must be offered "for a proper purpose under Rule 404(b)[.]" *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended in part on other grounds 445 Mich 1205 (1994). Second, the evidence must be relevant under MRE 402. *Id.* Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice. *Id.* In addition, the prosecution must give notice "either in writing or orally in open court" before introducing evidence of prior bad acts. *People v Johnson*, ___ Mich App ___; ___ NW2d ___ (Docket No. 317206, issued January 15, 2015); slip op at 5. The purpose of such notice is threefold:

> (1) to force the prosecutor to identify and seek admission only of prior bad acts evidence that passes the relevancy threshold, (2) to ensure that the defendant has an opportunity to object to and defend against this sort of evidence, and (3) to facilitate a thoughtful ruling by the trial court that either admits or excludes this evidence and is grounded in an adequate record. [*People v Hawkins*, 245 Mich App 439, 454-455; 628 NW2d 105 (2001) (citation omitted).]

## A. PRIOR METHAMPHETAMINE PRODUCTION

On the third day of trial, the prosecution moved the trial court to allow John to testify that defendant approached him in December of 2012, about making methamphetamine and that the two made methamphetamine in defendant's apartment on another occasion before the January 3, 2013 incident. Defendant argues that the trial court erred in failing to comply with the notice requirements of MRE 404(b)(2) and that under MRE 404(b)(1), the evidence was inadmissible because its relevance was substantially outweighed by the danger of unfair prejudice.

As to notice, although the prosecution failed to provide notice in advance of trial under MRE 404(b)(2), it orally provided such notice in open court at trial. See *Johnson*, ___ Mich App at ___; slip op at 5. We find no abuse of discretion in the trial court's finding good cause to waive the pretrial notice requirement given that the prosecutor only learned of this other-acts evidence that morning when speaking with a witness and had immediately brought the matter to the attention of defense counsel and the trial court.[3]

---

[3] The prosecutor indicated that he had not originally planned to call John in his case in chief, but after learning that defendant would probably call John to testify, the prosecutor spoke with John and learned of the other acts evidence.

We also find no abuse of discretion in the trial court's ruling as to the application of MRE 404(b)(1). Testimony concerning defendant having approached John about making methamphetamine and the fact that John had made the drug in defendant's apartment previously were properly admitted for the purpose of showing that defendant had knowledge of John's intent to make methamphetamine in his apartment on January 3, 2013. Evidence of prior acts may be admissible to show knowledge, MRE 404(b)(1), and to be convicted under MCL 333.7401c(1)(a), defendant must have "know[n] or ha[d] reason to know" that his apartment was being used to make methamphetamine. Because the prosecution had to prove that defendant knew his apartment was being used as a location of methamphetamine production, defendant's knowledge that John was a methamphetamine maker (by virtue of the fact that John previously manufactured methamphetamine at defendant's apartment) and the fact that defendant had previously asked John to make methamphetamine at his apartment were relevant under MRE 401. See *Crawford*, 458 Mich at 389; *VanderVliet*, 444 Mich at 55. Because the prosecution offered this evidence for a proper purpose under MRE 404(b), the first prong of the *VanderVliet* standard is satisfied. *VanderVliet*, 444 Mich at 55.

Even if relevant under MRE 404(b), evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *VanderVliet*, 444 Mich at 55, 74-75. Unfair prejudice refers to a situation where "there exists a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995) (quotation omitted). Unfair prejudice "refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit . . . ." *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation omitted). The evidence that defendant previously discussed methamphetamine production with John and that John previously made methamphetamine in defendant's apartment was highly probative to show that defendant knew John intended to produce methamphetamine in his apartment on January 3, 2013. This evidence did not create a danger of unfair prejudice. The challenged evidence was closely related to the incident on January 3, 2013, because the prior acts happened in December 2012—close in time to the January 3, 2013 incident—and the challenged evidence was directly related to an element at issue in the case and did not establish the element solely by way of a forbidden propensity inference. See *People v Williams*, 240 Mich App 316, 324; 614 NW2d 647 (2000). The high probative value of the challenged evidence was not substantially outweighed by the danger of unfair prejudice. MRE 403. The trial court did not abuse its discretion in admitting this evidence. See *VanderVliet*, 444 Mich at 55; *McDade*, 301 Mich App at 352.

## B. PRIOR DRUG USE WITH JOHN IN DEFENDANT'S APARTMENT

Defendant also challenges John's testimony that he and defendant used drugs together before January 3, 2013. Defendant argues that the prosecution never gave defendant or the trial court notice that it would elicit this testimony. He did not preserve this challenge for appeal; therefore our review is for outcome-determinative plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Unlike with the evidence of John's previous methamphetamine production at defendant's apartment, the prosecution did not give any notice of this evidence to defendant. We agree with defendant that the lack of notice as to this testimony was plain error. *Hawkins*, 245 Mich App at 453. However, given the other evidence in this case, we conclude that the error was harmless and does not warrant reversal. An error is not grounds for reversal

unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative. *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009). Multiple witnesses testified that they went to defendant's apartment on that day for the purpose of manufacturing methamphetamine, and that defendant and John discussed their plans for making the drug. John testified that he had been to defendant's apartment on another occasion to manufacture methamphetamine. Finally, police officers and firefighters recovered several components typically used for manufacturing methamphetamine in defendant's apartment. Thus, defendant has not shown how this plain error affected his substantial rights as required for reversal under plain-error review, *Carines*, 460 Mich at 763-764, nor has he shown that such error was outcome determinative. *People v Williams*, 483 Mich at 243.

## III. JURY INSTRUCTIONS

Next, defendant argues that the trial court's refusal to instruct the jury as to duress and mere presence rendered him unable to present a proper defense. We review for an abuse of discretion the trial court's decision regarding the applicability of a jury instruction to the facts of the case. *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014). "The trial court abuses its discretion when its outcome falls outside the range of principled outcomes." *Id.*

## A. DURESS

"To merit an instruction on the affirmative defense of duress, a defendant must establish a prima facie case of the elements of duress." *People v McKinney*, 258 Mich App 157, 164; 670 NW2d 254 (2003). To establish a prime facie case of duress, the defendant must introduce evidence to allow the jury to conclude the following:

A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

D) The defendant committed the act to avoid the threatened harm. [*People v Lemons*, 454 Mich 234, 246-247; 562 NW2d 447 (1997).]

Where the defendant denies committing the crime at issue, the facts are legally insufficient to require a jury instruction on duress. *Id.* at 249, 251. Because defendant failed to present any evidence that he committed the offense, instead choosing to deny any involvement in the offense, he was not entitled to have the jury instructed on the affirmative defense of duress. *Id.*; *McKinney*, 258 Mich App at 164-165. Furthermore, no evidence was presented at trial to establish that any threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm. Therefore, the trial court did not abuse its discretion in refusing to instruct the jury on duress. See *Armstrong*, 305 Mich App at 239.

-5-

B. MERE PRESENCE

The model jury instruction regarding mere presence states as follows: "Even if the defendant knew that the alleged crime was planned or was being committed, the mere fact that [he / she] was present when it was committed is not enough to prove that [he / she] assisted in committing it." M Crim JI 8.5. The plain language of this instruction clearly indicates that it is appropriate where the prosecution premises a defendant's guilt on the theory that the defendant aided and abetted in the commission of a crime. See *People v Head*, 211 Mich App 205, 211-212; 535 NW2d 563 (1995). Here, the prosecution did not present a theory of aiding and abetting, and the trial court did not abuse its discretion in failing to provide the instruction. See *Armstrong*, 305 Mich App at 239. Furthermore, as the prosecution points out, the instruction is legally at odds with the elements of the crime charged. Defendant's convicted offense under 333.7401c(1)(a) requires that a defendant know or have reason to know that the place he or she owns or possesses is to be used as a location to manufacture a controlled substance. It does not require that the defendant assist in the process.

Affirmed.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro

-6-