*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEMARIO DARNELL WILLIAMSON,

        Defendant-Appellant.

UNPUBLISHED
September 5, 2019

No. 331075
Oakland Circuit Court
LC No. 2015-254641-FH

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

MURRAY, C. J. (*dissenting*).

In this appeal of his conviction of possession with intent to deliver 50 grams or more but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*), defendant argues that his Fourth Amendment right to be free from an unreasonable search and seizure was violated. The majority agrees in part, and remands to the trial court for it to reconsider the validity of the search warrant affidavit in light of the majority opinion's fact determinations on Detective Charles Janczarek's intent. But because that decision fails to adhere to the deference required to be given to the trial court's credibility findings, and essentially ignores part of the trial court's findings on remand, and because those findings—when viewed with the proper appellate lens—were not clearly erroneous, I would affirm.

## I. FACTUAL BACKGROUND

This action arises out of defendant's arrest for possession of cocaine. Defendant was the subject of an investigation by Detective Janczarek of the Oakland County Narcotics Enforcement Team, which is informally known as NET. Detective Janczarek obtained a search warrant authorizing a search of defendant's house, and during the search, NET officers discovered two digital scales covered in a fine white powder and three bags of cocaine. NET officers later determined that the cocaine weighed approximately 134 grams. Defendant was arrested at his place of employment. Defendant's car, which was parked in the parking lot of his place of employment when he was arrested, was seized pursuant to Michigan law governing civil forfeiture. See MCL 333.7521; MCL 333.7522. NET officers drove defendant's car back to his house and searched it. During the search, the officers discovered $7,346 in the side pocket of the driver's side door, as well as two cell phones in the center console. Data retrieved from the cell

-1-

phones indicated that a number of unidentified individuals contacted defendant to purchase drugs from him.

Following his arrest, defendant contested the validity of the search warrant and the search warrant affidavit, as well as the validity of the search and seizure of his car. Defendant moved to suppress all of the evidence discovered pursuant to the searches of his house and car. With regard to the search warrant affidavit, the parties contested the truthfulness of subsection 7(E), which states that "[d]uring a period of time covering over the past thirty days the informant has provided information that has led to the issuance of one search warrant by a judge of the 50th district court." The prosecution ultimately requested that the trial court strike subsection 7(E). However, the prosecution contended that "even if you take . . . [subsection 7(E)] out completely . . . [Detective Janczarek] ha[d] enough information based on what the informant told him and the independent investigation that he did, that it was sufficient to find that [the confidential informant] was in fact reliable." The trial court agreed to strike subsection 7(E), and did not consider it when evaluating whether the search warrant affidavit provided probable cause to issue the search warrant. The trial court found that the confidential informant was credible, and that the search warrant affidavit provided probable cause for issuance of the search warrant despite the absence of subsection 7(E).

In his motion to suppress the evidence, defendant also moved for a *Franks*[1] hearing regarding the search warrant affidavit. A *Franks* hearing was held, and the trial court evaluated whether the information in the search warrant affidavit was knowingly falsified or intended to mislead the magistrate judge who signed the search warrant. Detective Janczarek attested that he did not intend to mislead the magistrate judge by wording subsection 7(E) in a confusing manner, and that the rest of the information in the search warrant was truthful and accurate. The trial court found this testimony credible. Defendant's motion to suppress the evidence found in his house pursuant to the search warrant was denied.

With regard to the search and seizure of his car, defendant argued that NET officers violated his Fourth Amendment right because no exception to the warrant requirement applied to the search, the officers did not have probable cause to believe that defendant's car contained contraband, and the officers had no basis for seizing the car while it was lawfully parked in a parking lot. The trial court disagreed, and found that the car was properly seized and subjected to an inventory search pursuant to Michigan's civil forfeiture statutes, MCL 333.7521 and MCL 333.7522. Consequently, defendant's motion to suppress the evidence found in his car was denied. As previously noted, defendant was convicted of possession with intent to deliver 50 grams or more but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*).

## II. DEFENDANT'S MOTION TO REMAND

Defendant appealed his conviction to this Court. While defendant's appeal was pending, he filed a motion to remand with this Court, arguing that he discovered new evidence that could affect the validity of the search warrant procured by Detective Janczarek. Defendant explained

---

[1] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

that his defense counsel learned of a case involving a different defendant named Christopher Dukes. *People v Christopher Dukes*, Oakland Circuit Court (LC No. 15-255948-FH). Defendant stated that a mistrial was declared in Dukes's case because Detective Janczarek committed misconduct by failing to obtain a search warrant for a mobile tracking device, which was placed on Dukes's car. Defendant argued that the evidence in Dukes's case "demonstrate[d] Detective Janczarek's reckless disregard for the truth in obtaining a search warrant . . . ."

This Court granted defendant's motion to remand, and defendant subsequently filed a motion for a new trial in the trial court. At the hearing on remand, the trial court found that the prosecution established that in Dukes's case, Detective Janczarek lawfully obtained a search warrant signed by a magistrate, but failed to deliver a copy of the search warrant to the parties before the trial began, which resulted in the declaration of a mistrial. Detective Janczarek testified that he incorrectly believed he gave a copy of the search warrant to the prosecution in Dukes's case, when in reality, neither the prosecution nor defense counsel received a copy of the search warrant.

The trial court also examined Detective Janczarek's efforts to determine whether the confidential informant who provided the information regarding defendant's criminal activity was credible. Detective Janczarek stated that he made an effort to evaluate the credibility of the confidential informant in defendant's case by asking other knowledgeable detectives about defendant, and by reviewing documents detailing defendant's criminal history and records indicating defendant's known addresses. Detective Janczarek used this information to determine whether the confidential informant was being truthful, and concluded that the confidential informant provided credible information regarding defendant.

The trial court ultimately concluded that defendant did not present evidence supporting the contention that Detective Janczarek intentionally included false statements in the search warrant affidavit, and that Detective Janczarek properly evaluated the confidential informant's credibility before seeking authorization for a search warrant. Consequently, the trial court denied defendant's motion for a new trial.

## III. FOURTH AMENDMENT SEARCH AND SEIZURE

Defendant argues that the trial court erred by denying his motion to suppress because the evidence discovered in his house was seized pursuant to a search warrant that was issued based upon an affidavit containing false and misleading information, and because the evidence in his car was seized pursuant to an unlawful search. I would hold that (1) the contents of the search warrant affidavit provided probable cause for issuance of the search warrant, (2) but even if it did not, the evidence seized in the house was admissible pursuant to the good-faith exception to the warrant requirement, and (3) although the search of defendant's car was not lawfully executed, any error was harmless.

This Court "review[s] de novo whether the Fourth Amendment was violated and whether an exclusionary rule applies." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). This Court also "review[s] de novo a trial court's ultimate decision on a motion to suppress on the basis of an alleged constitutional violation." *People v Mahdi*, 317 Mich App 446, 457; 894 NW2d 732 (2016) (quotation marks and citation omitted). All factual findings related to the motion to suppress are reviewed for clear error. *Id*. A factual finding is clearly erroneous if,

"after a review of the entire record, [this Court] is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). Questions of statutory interpretation are also reviewed de novo. *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019).

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011). The United States Constitution states that " 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.' " *Id*., quoting US Const, Am IV. The Michigan Constitution similarly states that " '[n]o warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation.' " *Id*. at 310-311, quoting Const 1963, art 1, § 11.

" 'In general, searches conducted without both a warrant and probable cause to believe evidence of wrongdoing might be located at the place searched are unreasonable per se.' " *Mahdi*, 317 Mich App at 458. As a result, "[a] magistrate shall only issue a search warrant when he or she finds that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *People v Franklin*, 500 Mich 92, 101; 894 NW2d 561 (2017) (citation omitted). Whether probable cause exists to support issuing a search warrant is dependent on whether " 'a person of reasonable caution would be justified in concluding that evidence of criminal conduct is in the stated place to be searched.' " *People v Brown*, 279 Mich App 116, 128; 755 NW2d 664 (2008) (citation omitted).

Search warrant affidavits are presumed to be valid, but must be based on facts within the affiant's knowledge. *People v Martin*, 271 Mich App 280, 298, 311; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008). "Personal knowledge can be inferred from the stated facts." *Id*. at 302. In reviewing a search warrant affidavit, this Court "must read it in a 'common sense and realistic manner,' . . . not a crabbed or hypertechnical manner." *People v Mullen*, 282 Mich App 14, 27; 762 NW2d 170 (2008) (citations omitted). "[A] magistrate's decision regarding probable cause should be paid great deference." *Martin*, 271 Mich App at 297. Evidence should only be suppressed if the magistrate judge that issues the search warrant "is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his reckless disregard for the truth." *People v Goldston*, 470 Mich 523, 531; 682 NW2d 479 (2004). Additionally, under MCL 780.653, if the information contained in the search warrant is supplied by a confidential informant, the search warrant affidavit must also contain "affirmative allegations from which the judge or district magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable." MCL 780.653(b).

The information provided by the confidential informant was documented in the search warrant affidavit as follows:

> Affiant . . . says that he has probable cause to believe [cocaine] . . . is now located upon said described premises based upon the following facts:

> * * *

(2) That Affiant has been conducting a continued investigation concerning illegal drug trafficking at [defendant's address]. A confidential informant of established reliability provided the affiant with true and accurate information concerning criminal activity at [defendant's address].

(3) Confidential informant advised affiant that [defendant] is selling and making deliveries of cocaine from [defendant's address].

(4) Confidential informant advised that within the last forty eight hours he/she observed [defendant] at [defendant's address] with an amount of cocaine.

(5) Affiant . . . obtain[ed] a photograph of [defendant] . . . . The confidential informant positively identified [defendant] as the individual selling cocaine from [defendant's address].

(G) Affiant conducted a Criminal History Search for [defendant] . . . and located two narcotics related convictions . . . .

Detective Janczarek vouched for the confidential informant's reliability by stating as follows:

(7) The affiant knows the confidential informant to be reliable based upon the following facts:

(A) The informant, by their own volition, has agreed to assist the Oakland County Sheriffs [sic] Office in narcotic and dangerous drug investigations and has come to the Oakland County Sheriffs [sic] Office for the purpose of offering assistance.

(B) The informant has never furnished any false or misleading information during the time that the affiant has known the informant.

(C) The informant has provided true and accurate details concerning drug trafficking in Oakland County. This information has been confirmed through various sources and investigative processes.

(D) The informant provided information regarding the narcotics trafficking of [defendant] that only [defendant] or law enforcement would know.

(E) During a period of time covering over the past thirty days the informant has provided information that has led to the issuance of one search warrant by a judge of the 50th District Court.[2]

---

[2] The trial court struck subsection 7(E), and did not consider it when evaluating whether the search warrant affidavit presented probable cause to support the issuance of the search warrant.

Defendant contends that the items listed in subsections 7(A) through (D) do not provide any information supporting the trial court's conclusion that the confidential informant was credible, or that the information given by the informant was reliable.

A number of factors can support a finding that a confidential informant was credible and that the information given was reliable. For example, a confidential informant may be considered credible if he or she gave police officers reliable information in the past. *People v Stumpf*, 196 Mich App 218, 223; 492 NW2d 795 (1992). Additionally, the reliability of a confidential informant's information may be confirmed through an independent police investigation. *People v Waclawksi*, 286 Mich App 634, 699; 780 NW2d 321 (2009). An independent investigation generally includes surveillance or the controlled purchase of drugs from a suspect. *People v Head*, 211 Mich App 205, 209; 535 NW2d 563 (1995).

The trial court did not clearly err in finding that the informant was credible and the information reliable. The affidavit sets out that the informant knew defendant, knew that defendant was selling cocaine from defendant's address, and had seen defendant with cocaine at that address within the last 48 hours. To establish the credibility of the informant and the reliability of the information, Detective Janczarek confirmed that the confidential informant was referring to the correct person by having the informant view a photograph of defendant. Detective Janczarek also independently determined that defendant had a record of prior drug convictions. Additionally, the affidavit indicated that the informant had come to the police to offer assistance, and had never previously provided false information to police.

As the trial court found, the information in the affidavit (excluding, as noted, paragraph 7E) was sufficient to establish probable cause, and to issue a search warrant for the premises. The combination of the informant's correct identification of defendant, the specification of where the drugs were located and the kind of drug seen, coupled with the confirmation of a prior criminal drug history, was more than sufficient " 'to answer "the commonsense, practical question" of whether [the] affidavit is sufficient to support a finding of probable cause.' " *United States v Hines*, 885 F3d 919, 923 (CA 6, 2018), quoting *United States v May*, 399 F3d 817, 822 (CA 6, 2005), in turn quoting *Illinois v Gates*, 462 US 213, 230; 103 S Ct 2317; 76 L Ed 2d 527 (1983).[3]

The majority states that the trial court gave "scant attention" to the *Dukes* proceedings. But the trial court held a hearing on remand, and made findings relative to what was found in the *Dukes* case, and how it affected these proceedings. Specifically, on October 24, 2018, the trial court delivered its opinion regarding defendant's motion for a new trial, finding as follows:

---

Because the prosecution does not challenge that decision, there is no need to, nor can we, consider that paragraph in addressing defendant's arguments.

[3] Defendant's Standard 4 argument that information outside of what is contained in the affidavit should not be considered does not alter the analysis, as only what was in the affidavit was considered.

-6-

Having considered the parties' briefs, the exhibits and the testimony taken at the evidentiary hearing, this [c]ourt finds that the defendant has not presented any evidence beyond mere speculation that Detective Janczarek knowingly or intentionally or with reckless disregard for the truth included any false statements regarding the confidential informant in the information he provided in the search warrant.

The trial court further opined that Detective Janczarek properly evaluated the confidential informant's credibility. And, with respect to the finding by another judge in *Dukes*, the trial court in fact addressed the very issue, and did so adequately:

Defendant's speculation that Janczarek must be lying in this case because another judge questioned his credibility in another case is not sufficient to prove by a preponderance of the evidence that Janczarek knowingly and intentionally or with reckless disregard of the truth included a false statement in his search warrant in this case.

Consequently, the trial court *did not* merely give "scant" attention to the issue. Instead, having seen and heard Detective Janczarek testify, it concluded that although he may have been less than candid in another case (and that was according to another judge, not this one), it did not mean he was likewise worthy of disbelief *in this case*—or that he *intentionally* misrepresented anything in this case. This is a reasonable conclusion, and one we cannot overturn simply because we disagree with the court's assessment of the facts or Janczarek's intent. See *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003) ("This Court must give deference to the trial court's factual findings, particularly where the credibility of witnesses is involved. MCR 2.613(C); *People v Farrow*, 461 Mich 202, 209; 600 NW2d 634 (1999). Accordingly, we may not substitute our judgment for that of the trial court and make independent findings.").

The majority has no reluctance in overturning the trial court's credibility determinations, as its opinion is premised solely upon a disagreement with the trial court's factual conclusions relative to Detective Janczarek. But everything the majority opinion cites was available to the trial court to evaluate, which it did, and more importantly, Detective Janczarek *testified in front of the trial court*, not this Court, giving a big edge to the trial court's credibility findings. Accepting the majority's position requires ignoring the settled and important doctrine that as an appellate court, "we are not permitted to interfere with the trier of fact's role of determining the credibility of the witnesses." *People v Kanaan*, 278 Mich App 594, 620; 751 NW2d 57 (2008), citing *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201, 489 NW2d 748 (1992). As the Supreme Court explained quite some time ago, "[t]here are many aids possessed by the judge who hears the oral testimony in deciding who of the witnesses are truthful that do not get upon the printed page." *Donaldson v Donaldson*, 134 Mich 289, 291; 96 NW 448 (1903). Nor does clear error exist when there is a disagreement on credibility, for when there is a disagreement, the trial court's findings should prevail. *Farrow*, 461 Mich at 209.

/s/ Christopher M. Murray