PEOPLE v HARRIS

Docket No. 130561. Submitted September 6, 1991, at Lansing. Decided October 7, 1991, at 9:35 A.M.

Donald E. Harris pleaded guilty in the Washtenaw Circuit Court, William F. Ager, Jr., J., of operating a motor vehicle while under the influence of intoxicating liquor, third offense, and operating a motor vehicle with a suspended license. He was sentenced to two years' probation with the first sixty days to be served in the county jail or a residential treatment center for the OUIL conviction and to a concurrent sixty-day jail sentence for the conviction of operating a motor vehicle with a suspended license. He appealed, alleging error in the use of a prior OUIL conviction to enhance the present offense to a third offense, because the district judge allegedly failed to advise him of his right to a trial by jury, and in the denial of his motion to suppress evidence of the search warrant and blood test results.

The Court of Appeals held:

1. The defendant did not provide the Court of Appeals a copy of the written form that he signed in 1981 that explained the rights waived by pleading guilty; therefore, he did not meet his burden of demonstrating that his 1981 plea of guilty of OUIL in district court was accepted in violation of the court rule then in effect, DCR 785.4(d)(1).

2. The search warrant was not invalid. The affidavit on which the warrant was based satisfied the requirements of MCL 780.653; MSA 28.1259(3). The affidavit contained sufficient specific facts to support a finding of probable cause, and the fact that the affidavit was a printed form did not render it invalid.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 471, 472; Searches and Seizures § 65.

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

1. Criminal Law — Guilty Pleas — District Courts — Court
   Rules.
   DCR 785.4(d)(1) did not require district court judges, before ac-
   cepting pleas of guilty, to orally explain to defendants the
   rights waived by pleading guilty; a writing indicating the rights
   waived was sufficient.

2. Searches and Seizures — Search Warrants — Hearsay —
   Affidavits.
   A search warrant may be issued on the basis of an affidavit that
   contains hearsay; where the information is supplied to the
   affiant by a named person, the affidavit must contain affirma-
   tive allegations from which the magistrate may conclude that
   the person spoke with personal knowledge of the information.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *William F. Delhey,* Pros-
ecuting Attorney, and *David A. King,* First Assis-
tant Prosecuting Attorney, for the people.

*R. Michael Stillwagon,* for the defendant on
appeal.

Before: Michael J. Kelly, P.J., and Doctoroff
and Cavanagh, JJ.

Doctoroff, J. Pursuant to a conditional plea,
defendant pled guilty to operating a vehicle while
under the influence of intoxicating liquor (OUIL),
third offense, MCL 257.625(6); MSA 9.2325(6), and
to operating a motor vehicle with a suspended
license, MCL 257.904(1); MSA 9.2604(1). Defendant
was sentenced to two years' probation for the OUIL
conviction, with the first sixty days to be served in
the Washtenaw County Jail or in a residential
treatment center. He also received a concurrent
sixty-day sentence in the Washtenaw County Jail
for operating a motor vehicle with a suspended
license. On appeal, defendant argues that the trial
court committed error requiring reversal in deny-
ing his motion to prohibit the use of a prior

conviction for OUIL to enhance the present offense to a third offense and in denying his motion to suppress evidence of the search warrant and blood test results. We disagree and affirm.

Defendant argues that the trial court erred in denying his motion to prohibit use of a 1981 conviction for OUIL to enhance the present charge to OUIL, third offense. Defendant contends that his 1981 guilty plea is invalid because the district court failed to advise him at that time of his right to a trial by jury.

The court rule in effect at the time of defendant's 1981 plea-based conviction, DCR 785.4(d)(1), now MCR 6.610(E), required that, before accepting a guilty plea, the district court "advise the defendant that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial." We note that, before February 1, 1988, district courts were not required to advise defendants of their *Boykin/Jaworski*[1] right of confrontation and the privilege against self-incrimination. *People v Yost,* 433 Mich 133, 139-140; 445 NW2d 95 (1989).

A conflict exists regarding whether under DCR 785.4(d) a district court judge was required to personally advise defendants of the rights waived by pleading guilty. In a split decision, the majority in *People v Tallieu,* 132 Mich App 402; 347 NW2d 469 (1984), held that the failure of a district court judge to personally advise the defendant of the rights waived by pleading guilty required reversal. The panel in *People v Cain,* 148 Mich App 765; 385 NW2d 632 (1985), consideration of certified conflict declined 424 Mich 894 (1986), agreed with Chief Judge DANHOF's dissent in *Tallieu* and held that a district court judge need not orally explain

---

[1] *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

to defendants the rights waived by pleading guilty and that a writing explaining the rights was sufficient.

Defendant's assertion that the holding of *Tallieu* was adopted by the Michigan Supreme Court in *Yost, supra,* is without merit. After careful consideration, we find Chief Judge DANHOF's dissent in *Tallieu* and the opinion in *Cain* well-reasoned and persuasive. In addition, we note that the present court rule concerning guilty pleas in district court, MCR 6.610(E), also requires that a defendant be advised that, by pleading guilty, he gives up his right to a trial and other specified trial rights. Significantly, MCR 6.610(E)(4) specifically provides that a defendant may be informed of the trial rights on the record, in a writing made part of the record, or in a writing referred to on the record.

The record in the instant case indicates that defendant's rights were explained in a written form that defendant signed. Defendant has failed to provide this Court with a copy of the written form and, therefore, has failed to meet his burden of demonstrating that his 1981 district court plea was accepted in violation of the applicable court rule.

Defendant also argues that the search warrant was invalid under MCL 780.653; MSA 28.1259(3).

We find no abuse of discretion here. A search warrant may be issued on the basis of an affidavit that contains hearsay. MCL 780.653; MSA 28.1259(3); *People v Sherbine,* 421 Mich 502; 364 NW2d 658 (1984). Where the information is supplied to the affiant by a named person, the affidavit must contain "affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information." MCL 780.653; MSA 28.1259(3). It is well settled that a search warrant may be issued where

the police have conducted an independent investigation to verify the information supplied by the informant. *People v Lucas,* 188 Mich App 554; 470 NW2d 460 (1991); *People v Sellars,* 153 Mich App 22, 27; 394 NW2d 133 (1986).

The affidavit in the instant case satisfies the requirements of the statute. The informant was named, the affidavit contains an affirmative allegation that the informant observed defendant driving erratically and weaving, and it indicates that the affiant conducted an independent investigation that produced corroborating evidence. Accordingly, we reject defendant's claims that the affidavit did not contain affirmative allegations that the informant spoke from personal knowledge and that the affidavit is conclusory.

Furthermore, we reject defendant's claim that the affidavit is invalid because a printed form was used. Defendant's reliance on *In re Way,* 41 Mich 299; 1 NW 1021 (1879), is misplaced. The affidavit here, when viewed by any reasonable person, contains sufficient specific facts to support a finding of probable cause.

Affirmed.