PEOPLE v STUMPF

Docket No. 144151. Submitted September 10, 1992, at Detroit. De-
cided October 5, 1992, at 9:10 A.M. Leave to appeal sought.

Karl G. Stumpf pleaded guilty in the Macomb Circuit Court,
George E. Montgomery, J., of manufacturing marijuana, and
was fined $1,000. The plea was tendered upon the condition
that the Court of Appeals review the trial court's denial of the
defendant's motion to suppress certain evidence obtained pur-
suant to a search warrant. The defendant appealed, alleging
that the affidavit offered in support of the search warrant was
based on stale, false, and incomplete information; did not
support a finding of probable cause to search; and failed to
establish the personal knowledge of an unnamed informant.

The Court of Appeals *held:*

1. There was a substantial basis for the magistrate to con-
clude that the informant spoke with personal knowledge and
was both credible and reliable.

2. The affidavit contained no material omissions, and there is
no evidence that information was intentionally or recklessly
omitted or that there was a false statement or a statement that
the police recklessly used or knew was false. The trial court did
not err in finding that there were no false material statements
in the affidavit.

3. The facts were sufficient to justify a finding of probable
cause for the search. Despite a lapse of time, the informant's
information was not stale.

4. The warrant was properly issued. There was a substantial
basis for the magistrate to find that there was probable cause
to search the defendant's residence for evidence of marijuana
production.

Affirmed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS —
   PROBABLE CAUSE.

A search warrant and the underlying affidavit are to be read by a

REFERENCES
Am Jur 2d, Searches and Seizures §§ 64-70.
See the Index to Annotations under Affidavits; Search and Seizure.

reviewing court in a common-sense and realistic manner; a magistrate who is asked to issue a search warrant must determine whether a fair probability exists that specific evidence of the crime will be found in a particular place and have a substantial basis for issuance of a warrant.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

Probable cause to search is concerned with whether certain identifiable objects probably are to be found at the present time in a certain identifiable place; staleness of information is a factor to be weighed in determining if there is probable cause to search because it cannot be assumed that evidence of a crime will remain indefinitely in a given place; although the age of the information alone is not determinative, it must be evaluated as part of the particular circumstances of the case.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

Probable cause to search must exist at the time a search warrant is issued; probable cause exists when a person of reasonable caution would be justified in concluding that evidence of criminal conduct could be found in the stated place to be searched.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, and *Carole A. Murray,* Assistant Prosecuting Attorney, for the people.

*R. Steven Whalen,* for the defendant.

Before: HOOD, P.J., and CONNOR and TAYLOR, JJ.

CONNOR, J. Defendant conditionally pled guilty to manufacturing marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), and was fined $1,000. Defendant appeals as of right, and we affirm.

Defendant's guilty plea was conditioned upon this Court's review of the trial court's decision on a motion to suppress evidence obtained pursuant to a search warrant. Defendant argued below and now argues on appeal that the affidavit offered in support of the warrant to search defendant's residence was based on stale, false, and incomplete information; did not support a finding of probable

cause to search; and failed to establish the personal knowledge of an unnamed informant.

This Court's analysis on appeal will be guided by the principles recently enunciated in *People v Russo,* 439 Mich 584, 603-604; 487 NW2d 698 (1992), wherein our Supreme Court clarified that reviewing courts should read the search warrant and the affidavit in a common-sense and realistic manner. Deference is afforded the magistrate's decision on the basis of a preference for searches conducted pursuant to warrants, and a reviewing court must only insure that there is a substantial basis for the magistrate's conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.,* p 604.[1]

The affidavit of Detective Sergeant Curtis Schram included the following pertinent facts to support probable cause:

> (2) On 6/28/90 Hemp Tip number C-01-90 was received stating that a Karl Stumpf had received eight (8) shipments of marijuana seeds and/or equipment used for growing marijuana within the past 16 months at 18990 Victor . . . .
>
> (3) A check with the utility company of 18990 Victor, shows that a Vivian Stumpf is living at that address. Further, that from 6/9/89 to 7/12/89, 1310 kwh hours of electricity was used. The following month the rate increased to 1537 kwh hours, and the following month increased to 1600 kwh hours.
>
> (4) Affiant contacted the residence at 18990 Victor by telephone and a Karl Stumpf identified himself as being at the residence.

[1] In addition, factual findings made by a trial court in relation to a motion to suppress evidence are reviewed for clear error. This Court will not reverse those findings unless left with a definite and firm conviction that a mistake was made. *People v McKendrick,* 188 Mich App 128, 133; 468 NW2d 903 (1991), lv den 439 Mich 856 (1991).

(5) Affiant, on 9/11/90, observed a 1962 Chevrolet, 2 door, 90/MI, 776-YHN, parked in the driveway. LEIN showed the vehicle was registered to Karl Stumpf.

(6) A check of Karl Stumpf's arrest record shows that he has been arrested for drugs in the past.

(7) A check at 18990 Victor . . . was made by Affiant. It was observed that an upstairs window was covered up and had a fan. Further, the basement windows were also covered.

(8) On 8/8/90, Affiant obtained a search warrant using the same information from the informant, and it resulted in a seizure of marijuana and items associated with the growing of marijuana.

(9) On 8/21/90, Affiant obtained a search warrant using the same information from the informant, and it resulted in a seizure of marijuana and items associated with the growing of marijuana.

(10) On 8/27/90, Affiant obtained a search warrant using the same information from the informant, and it resulted in a seizure of marijuana and items associated with the growing of marijuana.

(11) It is the belief of the Affiant, based upon ten years police experience and training, that Karl Stumpf is growing marijuana at 18990 Victor

. . . .

The trial court conducted an evidentiary hearing on the motion to suppress on March 25, 1991. The only witness at that hearing was Sergeant Schram.

Schram explained that the tip about the marijuana seeds and equipment was received from the Oregon State Police. They had received the information through the federal Drug Enforcement Administration. An individual arrested in Oregon by the DEA was cooperating with the DEA and providing information on the shipment of marijuana seeds and equipment used to grow marijuana. Schram did not personally speak with the

informant, nor did he know who the informant was, but he received the information through the Michigan State Police.

Schram recounted that the police found marijuana in about eight out of nine searches conducted pursuant to the information provided by this informant. At the time this warrant was obtained, three out of four searches conducted were successful in finding marijuana or marijuana-growing equipment. The equipment and seeds came from a company operating a mail-order business, which shipped equipment and seeds to customers.

The warrant and affidavit were both prepared on September 13, 1990. On the same day, defendant's residence was searched. As a result of that search, the police confiscated approximately fifteen small marijuana plants and eight larger ones.

The trial court denied defendant's motion to suppress the evidence obtained pursuant to the warrant.

### PERSONAL KNOWLEDGE OF THE INFORMANT

MCL 780.653; MSA 28.1259(3), as amended by 1988 PA 80, effective June 1, 1988, provides in pertinent part as follows:

> The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her. The affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains 1 of the following:
>
> * * *
>
> (b) If the person is unnamed, affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed

person is credible or that the information is reliable.

In general, the requirement that the informant have personal knowledge ·seeks to eliminate the use of rumors or reputations to form the basis for the circumstances requiring a search. See *People v Brooks,* 101 Mich App 416, 419-420; 300 NW2d 582 (1980), lv den 411 Mich 940 (1981). The personal knowledge element should be derived from the information provided or material facts, not merely a recitation of the informant's having personal knowledge. See *People v Rosborough,* 387 Mich 183, 198-199; 195 NW2d 255 (1972). If personal knowledge can be inferred from the stated facts, that is sufficient to find that the informant spoke with personal knowledge. *People v Queenan,* 158 Mich App 38, 53; 404 NW2d 693 (1987), lv den 429 Mich 869 (1987), cert den 484 US 1076 (1988).

We believe the specificity of the details provided by the informant in this case, regarding the shipments, dates, and defendant's name and address, were substantial indicia to support a finding that the informant spoke from personal knowledge. In addition, the affiant conducted an independent investigation that produced corroborating evidence and substantially verified the information supplied by the informant. See *People v Harris,* 191 Mich App 422, 426; 479 NW2d 6 (1991). Finally, the fact that the police previously had utilized information provided by this informant in other warrant requests with successful results provided further support for the magistrate to conclude that the informant was credible and reliable. See *People v Lucas,* 188 Mich App 554, 569-570; 470 NW2d 460 (1991), lv den 439 Mich 885 (1991).

After reviewing the affidavit in a common-sense and realistic manner, we believe there was a sub-

stantial basis for the magistrate to conclude the informant spoke with personal knowledge and was both credible and reliable.

### FALSE INFORMATION

Defendant also argues that some of the information provided in the affidavit was false. In support, defendant relies on Schram's admission at the evidentiary hearing that on the day defendant's home was searched, another house was also searched, on the basis of an almost identical affidavit, and that search failed to turn up any drugs or drug-producing equipment. Because the affidavit in this case did not contain any reference to the unsuccessful search, defendant argues that the affidavit contained false or misleading information.

*Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978), requires that if false statements are made in an affidavit in support of a search warrant, evidence obtained pursuant to the warrant must be suppressed if the false information was necessary to a finding of probable cause. In order to prevail on a motion to suppress the evidence obtained pursuant to a search warrant procured with alleged false information, the defendant must show by a preponderance of the evidence that the affiant had knowingly and intentionally, or with reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to a finding of probable cause. *Id.,* pp 171-172; *People v Williams,* 134 Mich App 639, 643; 351 NW2d 878 (1984), lv den 421 Mich 860 (1985). The rule from *Franks* has been extended to material omissions from affidavits. *People v Kort,* 162 Mich App 680, 685-686; 413 NW2d 83 (1987), lv den 430 Mich 860 (1988).

After a review of the entire evidentiary hearing transcript, we do not agree with defendant that the lack of specific reference to the unsuccessful search was a material omission. The mere fact that information provided by the informant did not produce evidence of the suspected criminal activity in one isolated instance did not alone suggest that this informant was not reliable or credible. It is not unusual that illegal activity is terminated, temporarily discontinued, or moved during the interim period while police attempt to confirm information and seek a warrant. We also note that the three other searches from information supplied by this informant were successful.

Moreover, there was no evidence that Schram intentionally or recklessly omitted information. Indeed, because these two searches were conducted on the same day, it is plausible that the other search had not been concluded at the time Schram prepared the affidavit or that Schram had not been apprised of the results.

Defendant also argues that the statement that he received "marijuana seeds and/or equipment" was false. He contends that the police had no basis to believe he received marijuana seeds.

Schram believed that the majority of the information supplied by the informant emanated from customer lists of a company that sold marijuana-producing equipment to customers by mail. However, that fact did not preclude a finding that the additional information provided by the informant regarding defendant's receipt of seeds was true and accurate. Defendant has not established that this was a false statement or a statement that the police recklessly used or knew was false.[2]

We believe the trial court did not err in finding

[2] Defendant has never requested production of the unnamed informant for purposes of testing the truthfulness of the statements.

there were no false material statements in the affidavit.

### STALENESS OF THE INFORMANT'S INFORMATION

"Probable cause to search is concerned with whether certain identifiable objects 'are probably to be found at the present time in a certain identifiable place.' "[3] It cannot be assumed that evidence of a crime will remain indefinitely in a given place. Thus, staleness is a factor to weigh in determining if there is probable cause to search. *Russo, supra,* p 605.

The age of the information alone is not determinative, but must be evaluated as part of the particular circumstances of the case. *Id.,* pp 605-606. The circumstances will vary depending upon such factors as "whether the crime is a single instance or an ongoing pattern of protracted violations, whether the inherent nature of a scheme suggests that it is probably continuing, and the nature of the property sought, that is, whether it is likely to be promptly disposed of or retained by the person committing the offense." *Id.,* pp 605-606.

We believe the facts of this case are sufficient to justify a finding of probable cause despite the lapse of time. The informant told law enforcement officials that eight shipments of both marijuana seeds and equipment used for growing marijuana were sent to defendant at his residence during a period of sixteen months immediately preceding June 28, 1990. The circumstances of the suspected criminal enterprise included the growing of marijuana at defendant's residence, not simply the possession of a specific quantity of drugs, but an ongoing criminal activity. Because plants require time to germi-

---

[3] *Russo, supra,* p 605, quoting 2 LaFave, Search and Seizure (2d ed), § 3.7, p 75.

nate and grow, the evidence was not likely to have dissipated despite the passage of time. *Russo, supra,* pp 605-606.

## LACK OF PROBABLE CAUSE

Probable cause to search must exist at the time a warrant is issued. *Id.,* p 606. Probable cause exists when a person of reasonable caution would be justified in concluding that evidence of criminal conduct could be found in a stated place to be searched. *Id.,* pp 606-607.

Rather than engage in hypertechnical after-the-fact scrutiny of affidavits, we give great deference to the magistrate's decision because of our preference for the use of search warrants. *Id.,* pp 603-604. Reading the affidavit in a common-sense and realistic manner, we agree with the trial court that the magistrate properly issued the warrant in this case. The detailed information supplied by the informant, and the verification and corroboration by the police, provided the magistrate with a substantial basis to find that there was probable cause to search defendant's residence for evidence of marijuana production.

Affirmed.