# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

JEREMY LOREN JAMISON,

      Defendant-Appellee.

<div style="float:right">

UNPUBLISHED
April 26, 2018

No. 336124
Wayne Circuit Court
LC No. 16-003501-02-FH

</div>

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

CLIFFORD LORENZO JOHNSON,

      Defendant-Appellee.

<div style="float:right">

No. 336143
Wayne Circuit Court
LC No. 16-003501-01-FH

</div>

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

LORENZO WARREN JAMISON,

      Defendant-Appellee.

<div style="float:right">

No. 336154
Wayne Circuit Court
LC No. 16-003501-03-FH

</div>

---

Before: BOONSTRA, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this consolidated appeal, the prosecution appeals as of right the circuit court's orders of dismissal without prejudice. All three defendants were charged with possession with intent to deliver 450 grams or more but less than 1,000 grams of cocaine, MCL 333.7401(2)(a)(*ii*),

-1-

possession with intent to deliver 50 grams or more but less than 450 grams of heroin, MCL 333.7401(2)(a)(*iii*), possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), and carrying a firearm during the commission of a felony (felony-firearm), MCL 722.227(b). Defendants filed a joint motion to suppress the evidence obtained pursuant to the execution of a search warrant. The court granted the motion, and quashed the search warrant. Thereafter, the trial court granted defendants' motion to dismiss their respective cases, and it entered three orders of dismissal. On appeal, the prosecution argues that the trial court erred in quashing the search warrant and suppressing the evidence because probable cause existed to issue the search warrant, and in the alternative, the good faith exception to the exclusionary rule applies. We find the affidavit sufficient on its face and therefore decline to consider the good-faith exception. We reverse and remand for further proceedings.

The United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US Const, Am IV. The Michigan Constitution also provides, "No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation." Const 1963, art 1, § 11. A magistrate may only issue a search warrant when "'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017), quoting *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). This Court reviews a trial court's ruling at a suppression hearing de novo. *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003). Our review of a magistrate's decision whether to issue a warrant upon finding that an affidavit establishes probable cause, however, "involves neither de novo review nor application of an abuse of discretion standard," but rather asks "only whether a reasonably cautious person could have concluded that there was a 'substantial basis' for the finding of probable cause." *People v Russo*, 439 Mich 584, 603; 487 NW2d 698 (1992). "[A] search warrant and the underlying affidavit are to be read in a common-sense and realistic manner." *Id*. at 604.

This Court focuses on the facts and circumstances supporting the magistrate's determination of probable cause when reviewing the issuance of a search warrant. *People v Martin*, 271 Mich App 280, 298; 721 NW2d 815 (2006). The affidavit for the search warrant must include facts that are within the affiant's knowledge, rather than mere conclusions or beliefs. *Id*. "The affiant may not draw his or her own inferences, but rather must state matters that justify the drawing of them." *Id*. However, an affiant's personal experience is relevant to the establishment of probable cause. *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). It is presumed that affidavits supporting search warrants are valid. *People v Mullen*, 282 Mich App 14, 23; 762 NW2d 170 (2008). When reviewing an affidavit, this Court must read it in a "'common sense and realistic manner,' not a crabbed or hypertechnical manner." *Id*. at 27 (quotation omitted).

Probable cause for issuance of a search warrant may be based on hearsay. MCL 780.653; *People v Harris*, 191 Mich App 422, 425; 479 NW2d 6 (1991). When hearsay is the basis for probable cause, the magistrate must determine whether all of the information provided in the affidavit establishes a fair probability that contraband or evidence of a crime will be located in a particular place. *Gates*, 462 US at 238-239. MCL 780.653 provides:

The judge or district court magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her. The affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains [one] of the following:

(a) If the person is named, affirmative allegations from which the judge or district court magistrate may conclude that the person spoke with personal knowledge of the information.

(b) If the person is unnamed, affirmative allegations from which the judge or district magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable.

"The personal knowledge element should be derived from the information provided or material facts, not merely a recitation of the informant's having personal knowledge. If personal knowledge can be inferred from the stated facts, that is sufficient to find that the informant spoke with personal knowledge." *People v Stumpf*, 196 Mich App 218, 223; 492 NW2d 795 (1992) (citations omitted). An independent investigation conducted by the police that verifies the accuracy and reliability of the information provided by an informant supports the issuance of a search warrant. *Waclawski*, 286 Mich App at 699, quoting *People v Sellars*, 153 Mich App 22, 27; 394 NW2d 133 (1986).

The affidavit is six substantive paragraphs in length. The first describes the affiant's, Officer Mosley's, experience and training relevant to narcotics-related law enforcement. The second is somewhat jumbled but states that Officer Mosley received information from an unnamed confidential informant that heroin or cocaine was being stored and sold from a house at a particular address that the informant "witnessed for themselves [sic]," and that "the described seller has sold narcotics from the location for a while now, and that he only sells to people that he know [sic]." The informant was noted as being "very reliable" and having provided accurate information in the past. The remainder of the second, the third, and the fourth paragraphs all described surveillance Officer Mosley conducted of the house, and activity he saw there. The fifth paragraph stated that on the basis of prior investigations, the activity observed was consistent with and diagnostic of narcotics trafficking. The sixth paragraph noted that defendant Johnson, the observed seller, had prior felony drug arrests, and that the informant stated that Johnson also supplied drugs to another location that had been raided and found to have drugs and weapons on site.

As an initial matter, the trial court expressed concern that Officer Mosley "conveniently" left out the fact that Johnson's prior arrests resulted in findings of not guilty. At oral argument, it was noted that Officer Mosley may not have known, and indeed may not even have been able to find out, about the eventual outcome of those arrests. Because we find the rest of the affidavit sufficient on its face without any mention of prior arrests, we decline to address this concern. This statement was not "necessary to a finding of probable cause," and therefore defendants are not entitled to a remand for a hearing pursuant to *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978). *Franklin*, 500 Mich at 94-95. Secondly, the trial court read far too much

into the fact that Officer Mosley's affidavit, peppered with the occasional spelling error or dubious grammar, reads like it was written by an ordinary layperson rather than like a Blackstone treatise. The purpose of the affidavit was to communicate knowledge, and none of its technical deficiencies are serious enough to impede that purpose. To reiterate, affidavits are to be read in a common-sense manner with the understanding that they are written by laypersons.

The trial court noted that the informant did not specify when his or her observations were made. Staleness, or the passage of time, is a factor to weigh in determining whether probable cause exists. *People v Brown*, 279 Mich App 116, 128; 755 NW2d 664 (2008). However, the age of the information alone is not determinative of probable cause. *Stumpf*, 196 Mich App at 226. It must be evaluated as part of the circumstances of the case, including whether the crime is a singular occurrence or pattern, whether ongoing violations are occurring, the nature of the evidence to be seized, the nature of the place to be searched, and the nature of the crime. *Brown*, 279 Mich App at 128; *Stumpf*, 196 Mich App at 226. The informant's statement that the seller had been trafficking drugs from this location "for a while now" indicates that it had happened in the past, and it was currently ongoing. The informant's assertion that the seller "only *sells* to people that he know[s]" also indicates that the seller was currently engaged in drug trafficking. A plain reading of this sentence does not indicate that the timeliness of the informant's information is too stale to be a basis for finding probable cause. Furthermore, Officer Mosley personally confirmed that activities were *presently* ongoing that significantly corroborated the informant's observations and that the drug trafficking was presently ongoing.

Several of the reasons that the trial court provided in finding a lack of probable cause concerned the failure to meet the requirements in MCL 780.653(b) for a confidential informant. Pursuant to MCL 780.653(b), the information provided by an informant must be made with personal knowledge, and the unnamed person must be credible or the information reliable. "The personal knowledge element should be derived from the information provided or material facts, not merely a recitation of the informant's having personal knowledge [ . . . ] If personal knowledge can be inferred from the stated facts, that is sufficient to find that the informant spoke with personal knowledge." *Stumpf*, 196 Mich App at 223. The purpose of this requirement is "to eliminate the use of rumors or reputations." *Id*. Thus, the affidavit as a whole must show that the informant did not merely believe that criminal activity was occurring or rely on his or her own inferences, but rather must state what the informant actually observed; and other facts *elsewhere* in the affidavit may be used to establish whether the informant spoke with personal knowledge. *People v Rosborough*, 387 Mich 183, 197-200; 195 NW2d 255 (1972). Independent police investigations that verify the accuracy and reliability of informant information support a finding of probable cause. *Waclawski*, 286 Mich App at 699.

The affidavit, as noted, provided that the informant had personally witnessed the sale of narcotics at the house, rather than merely believing that such sales were occurring. Consequently, the informant did have personal knowledge. Officer Mosley performed surveillance of the house on three separate days. While admittedly each surveillance was only for 30 to 60 minutes, within each short period of time, Officer Mosley observed several individuals arrive at the home, enter through the same side door, and leave shortly after. Officer Mosley began the affidavit by providing his training and experience with law enforcement, specifically in the area of narcotics trafficking. Officer Mosley relied on his own experience by noting twice that individuals involved in narcotics trafficking typically only sell to other people

-4-

that they know as to avoid police detection. Officer Mosley also asserted that he previously observed activity similar to that which he saw during the three days of surveillance, and such activity led to the seizure of evidence related to narcotics trafficking. Officer Mosley's personal experience was relevant to a finding a probable cause. *Waclawski*, 286 Mich App at 698. Furthermore, Officer Mosley's observations, especially filtered through his experience, adequately corroborated the reliability of the informant's knowledge.

The trial court's concern that no stops were made of the individuals and no trash pulls were performed is irrelevant: it is always possible to do more, but the question is whether Officer Mosley did enough. The informant asserted that drug trafficking occurred at this location, and Officer Mosley observed activity indicative of drug trafficking, based on his training and prior experience in the field. Where an affiant conducts an independent investigation corroborating evidence and substantially verifying information supplied by the informant, and the police have previously used information provided by this informant in other warrants with successful results, a magistrate can conclude that an informant is credible and reliable. *Stumpf*, 196 Mich App at 223.

The affidavit provided that the informant asserted that the "seller" also supplied narcotics to another address, and that a raid of that location resulted in the confiscation of cocaine and a weapon, and one felony arrest. The trial court stated, "There is absolutely no information furnished as to when this raid took place or that [defendant Clifford Lorenzo] Johnson was allegedly involved, so that it would have any nexus with the observations conducted by the police officer . . . " It appears that Officer Mosley included this information in the affidavit to bolster the credibility of the informant, and the reliability of the information. The informant asserted that drug trafficking also occurred at the other location by the same seller, and Officer Mosley affirmed this information by discovering that a raid was conducted, leading to the discovery of evidence and an arrest. Although the trial court stated that there was no information that Johnson was involved, the informant provided that Johnson also supplied drugs to this location. Regardless, removal of this sentence from the affidavit would still provide the requisite evidence that the informant was credible, and the information was reliable, as explained above.

We find that the affidavit, read as a whole minus the sixth paragraph with a mind toward common sense rather than hypertechnicality, adequately establishes "a 'substantial basis' for the finding of probable cause." *Russo*, 439 Mich at 603-604. Because the affidavit clearly establishes probable cause even without the sixth paragraph, we decline to consider either the good-faith exception or whether Officer Mosley committed any improprieties in that paragraph, because both issues are moot. The trial court erred in quashing the warrant, and defendants are not entitled to a *Franks* hearing.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause