*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALEXANDER LOUIS BUTLER,

        Defendant-Appellant.

UNPUBLISHED
April 28, 2022

No. 356457
Muskegon Circuit Court
LC No. 20-001911-FH

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of his motion to suppress evidence and statements obtained by police. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On May 18, 2020, Muskegon Detective Cody Merkins, a member of the West Michigan Enforcement Team, was contacted by a confidential informant.[2] Detective Merkins testified that the confidential informant told him that a white man, driving a maroon or red Chevrolet Silverado from the Grant, Michigan area, would be coming to the area of Seventh and Monroe in Muskegon, Michigan to pick up a large amount of cocaine. The suspect vehicle was already in the area of

---

[1] This Court initially denied defendant's delayed application for leave to appeal. *People v Butler*, unpublished order of the Court of Appeals, entered May 3, 2021 (Docket No. 356457). However, after defendant applied for leave to appeal with the Michigan Supreme Court, in lieu of granting leave, the Michigan Supreme Court remanded the case to this Court "for consideration as on leave granted." *People v Butler*, ___ Mich ___; 965 NW2d 99 (2021).

[2] Detective Merkins had previously worked with this confidential informant in the preceding months. On one such occasion, the informant notified Detective Merkins of the location of a parole absconder, which led to the arrest of that individual. The informant also participated in two controlled buys, in which the informant purchased controlled substances. The controlled buys led to a search warrant.

Seventh and Monroe when Detective Merkins received the tip. The informant did not tell Detective Merkins how he had acquired this information.

Police officers then located a vehicle in the area of Seventh and Monroe matching the description provided by the informant, driven by a white man. Officers saw this vehicle make two brief stops at residences. On the basis of the officers' training and experience, they believed that these stops were consistent with drug trafficking. At one point, the vehicle picked up a passenger and later dropped off that passenger in an alley. While police officers followed the vehicle, they ran the license plate of the vehicle and saw that it was registered to defendant at an address in the Grant area.

Officer Harwood of the Muskegon Police Department executed a traffic stop of the vehicle after observing the vehicle cross the center line and turn without a turn signal. At Officer Harwood's request, defendant exited his vehicle. While he waited for Detective Merkins to arrive, Officer Harwood asked defendant if he could search defendant's vehicle, and defendant refused.

Approximately five minutes after defendant's vehicle was stopped, Detective Merkins arrived at the scene. Defendant was standing in front of Officer Harwood's vehicle when Detective Merkins arrived. Detective Merkins informed defendant that he was going to search defendant's vehicle, and he asked defendant if he had anything illegal inside. Defendant responded that he had cocaine in the backseat of the vehicle. Police officers then searched defendant's vehicle and found 85 grams of cocaine and 33 grams of a cutting agent.

Defendant was charged with one count of delivery/manufacture of more than 50 grams, but less than 450 grams, of cocaine. MCL 333.7401(2)(a)(*iii*). Defendant moved to suppress the statements he made to Detective Merkins as well as the evidence obtained in the search of his vehicle. After a hearing, the trial court denied defendant's motion, concluding officers had probable cause to search defendant's vehicle. This appeal followed.

## II. STANDARDS OF REVIEW

The trial court's factual findings in a suppression hearing are reviewed for clear error. *People v Pagano*, 507 Mich 26, 31; 967 NW2d 590 (2021). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted). "However, because the application of constitutional standards presents a question of law, a lower court's ultimate ruling at a suppression hearing is reviewed de novo." *Pagano*, 507 Mich at 31.

## III. ANALYSIS

Defendant argues that the trial court erred when it determined that the search of defendant's vehicle was supported by probable cause. Defendant asserts that the informant's tip was insufficient to establish probable cause because it lacked detail and did not provide any predictive facts that officers could use to corroborate it. Thus, because the informant's tip was about a potential future crime, and not a crime that had already been committed, defendant contends police officers did not know when this alleged crime would occur and, therefore, did not know at the time they stopped defendant's vehicle whether he had picked up the cocaine by that time. We disagree.

The United States Constitution and the Michigan Constitution guarantee the right against unreasonable searches and seizures. *People v Jones*, 279 Mich App 86, 90; 755 NW2d 224 (2008).[3] This right requires police officers to obtain a warrant before conducting a search. *People v Levine*, 461 Mich 172, 178; 600 NW2d 622 (1999). However, "under the automobile exception, the police may search a motor vehicle without the necessity of first obtaining a warrant if probable cause to support the search exists." *People v Kazmierczak*, 461 Mich 411, 418-419; 605 NW2d 667 (2000). "Probable cause exists when the facts and circumstances known to the police officers at the time of the search would lead a reasonably prudent person to believe that a crime has been or is being committed and that evidence will be found in a particular place." *People v Beuschlein*, 245 Mich App 744, 750; 630 NW2d 921 (2001). "The determination whether probable cause exists to support a search, including a search of an automobile without a warrant, should be made in a commonsense manner in light of the totality of the circumstances." *People v Garvin*, 235 Mich App 90, 102; 597 NW2d 194 (1999).

When determining whether officers had probable cause to conduct a search on the basis of a tip from an informant, the informant's veracity, reliability, and basis of knowledge are relevant considerations. *People v Nguyen*, 305 Mich App 740, 752; 854 NW2d 223 (2014). However, "the absence of one does not render the tip insufficient to support a determination of probable cause." *Levine*, 461 Mich at 183. When conducting a warrantless search, an officer "may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Nguyen*, 305 Mich App at 752 (quotation mark and citations omitted). The fact that the informant is known to the officers is also an important consideration when determining whether the tip provided probable cause for the warrantless search. In other words, when the informant is known to a police officer and has provided the officer with reliable information in the past, the information from the informant may be relied upon in support of probable cause. See *Nguyen*, 305 Mich App at 753 (informant's previous work with police officers, coupled with the police officers' reasonable corroboration of the information the informant provided, established probable cause to arrest); *People v Stumpf*, 196 Mich App 218, 223; 492 NW2d 795 (1992) ("[T]he fact that the police previously had utilized information provided by this informant in other warrant requests with successful results provided further support for the magistrate to conclude that the informant was credible and reliable.").

In this case, Detective Merkins testified that the informant was someone with whom he had dealt with in the past and who had provided credible information on multiple occasions in the months leading up to this incident. According to Detective Merkins, the informant's tip provided the following facts: a white man from the Grant area, driving a "new style" maroon or red Chevrolet Silverado, would be in the area of Seventh and Monroe and would be picking up a large amount of cocaine. Police officers located a white man driving a newer model maroon or red Chevrolet Silverado in the area of Seventh and Monroe. Police officers were also able to confirm that the vehicle was registered to defendant at an address in the Grant area. All of the facts provided by the informant, except the fact that defendant would be picking up a large amount of

---

[3] This Court has construed the Michigan Constitution to afford the same protections as the Fourth Amendment to the United States Constitution. *Jones*, 279 Mich App at 91.

-3-

cocaine, were corroborated by police officers before the search of defendant's vehicle was conducted. Although that fact was not corroborated by police officers before they searched defendant's vehicle, police officers did observe defendant make two brief stops outside of residences which, on the basis of the officers' training and experience, were consistent with drug trafficking behavior. See *Levine*, 461 Mich at 185.

Under the totality of the circumstances, there was a fair probability that drugs would be found in defendant's vehicle. See *Garvin*, 235 Mich App at 102. Therefore, Detective Merkins had probable cause to search defendant's vehicle on the basis of the informant's tip and subsequent corroboration of that tip. Accordingly, trial court did not err when it denied defendant's motion to suppress because Detective Merkins had probable cause to search defendant's vehicle.[4]

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

---

[4] We assume, without deciding, that Detective Merkins's questioning of defendant outside of his vehicle—in which he admitted to possessing cocaine—was custodial in nature. See *People v Elliot*, 494 Mich 292, 301; 833 NW2d 284 (2013), quoting *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966) ("[T]he Fifth Amendment's prohibition against compelled self-incrimination requires that the accused be given a series of warnings before being subjected to 'custodial interrogation.' "). However, because Detective Merkins had an independent source of probable cause to search the vehicle—the informant—we need not decide whether defendant's statement to Detective Merkins should have also been suppressed.